**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-25971-LEIBOWITZ/HERNANDEZ**

**NESTOR A. PROVEYER,**

*Plaintiff*,

*v.*

**EL CAR WASH, LLC,**

*Defendant*.
______________________________________/

**ADA TITLE III SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court finds it necessary to issue a scheduling order tailored to the circumstances of this case, which has been brought under Title III of the Americans with Disabilities Act ("ADA"). Accordingly, to secure the just, speedy, and inexpensive determination of his case, consistent with Rule 1 of the Federal Rules of Civil Procedure, it is

**ORDERED** that the provisions of Federal Rule of Civil Procedure 26(a)(l) and Local Rule 16.1, which concern initial disclosures and the filing of a Conference Report and Joint Proposed Scheduling Order, are waived. Instead, the Parties must comply with the deadlines set forth below. These deadlines are **not** advisory and must be strictly followed. No extensions of time will be granted absent good cause.

The Parties are advised that this Order does not affect the responsive pleading deadlines set forth in Federal Rule 12(a)(l)(A) or in any order of this Court.

1. Plaintiff[1] must serve a copy of this Order on any Defendant who is served with process after the date of this Order.

2. By **October 12, 2026**, Plaintiff must answer, under oath or penalty of perjury, a verified statement responding to the Court's interrogatories, attached as Appendix A; serve a copy on Defendant and file the answers with the Court titled as "Answers to Court's Interrogatories."

3. By **October 19, 2026**, Plaintiff must also provide Defendant a copy of a written report concerning any claimed ADA violations.

4. By **January 18, 2027**, Defendant must serve Plaintiff with a written response including any existing report on which Defendant intends to rely (an expert report is not yet required). Defendant's response must include Defendant's position on any claimed violations of the ADA.

5. By **January 25, 2027**, the Parties must mediate this case before a mediator of their choice. If the Parties cannot agree on a mediator, the Court will appoint one.

6. By **February 1, 2027**, the Parties must jointly file a status report that notifies the Court whether they have settled the case or reached an impasse.

7. If the Parties settle at mediation, appropriate dismissal documents shall be submitted by **February 1, 2027**. The settlement agreement should contain, to the extent possible, an agreement on attorney's fees, including litigation expenses, and costs. If there is no agreement, the Court, at the Parties' request, will reserve jurisdiction to decide the issue of attorney's fees, expenses, and costs. Any request for attorney's fees, expenses, and costs must be made in a separate motion or petition filed no later than fourteen (14) days after the entry of judgment.[2]

---

[1] If there is more than one plaintiff or defendant named in this case, the singular reference to plaintiff or defendant also includes the plural.

[2] In deciding entitlement to and any amount of attorney's fees, the Court advises that it will consider whether any pre-suit efforts were made to resolve the issues without filing suit.

Notably if the Parties wish the Court to enter a consent judgment, the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

8. If the Parties settle at any time *prior* to mediation, counsel shall promptly inform the Court by calling the chambers of U.S. District Judge David S. Leibowitz at (305) 523-5580 and, within 10 days of notification of settlement to the Court, submit appropriate dismissal documents, pursuant to Federal Rule of Civil Procedure 41(a). The Parties shall abide by all time requirements set by this Order unless and until an order of dismissal is docketed.
9. If the Parties do not settle, they must **IMMEDIATELY** file a Conference Report and Joint Proposed Scheduling Order. S.D. Fla. L.R. 16.l(b). The Court may thereafter hold a Preliminary Pretrial Conference and will issue a Scheduling Order. The Court's goal is to set the case for trial at the earliest practicable time, but no later than six (6) months from the date of service of process on the first named Defendant.
10. Until the Parties file the Case Management Report, all discovery in this case is **STAYED**, except as provided herein.

**DONE AND ORDERED** in the Southern District of Florida on September 25, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

# APPENDIX A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

COURT'S INTERROGATORIES – ADA TITLE III

1. Residence Address.

2. Name of current employer and place of employment.

3. Describe the nature of your disability.

4. Date(s) and time(s) that you visited the subject property.

5. Did anyone accompany you? If so, who?

6. What is the proximity of the subject property to your home and/or place of employment?

7. Describe your last patronage of the subject property.

8. Describe the definiteness of your plans to return to the subject property.

9. Specifically list each architectural barrier that you personally observed or experienced at the subject property. Alternatively, if the violations alleged in this suit pertain to a website associated with Defendant, specifically list each access barrier that you personally observed or experienced on the website.

10. Did you take notes or make a contemporaneous record of these barriers? If so, attach a copy to these Answers.

11. What notice of deficiencies or other efforts did you make to resolve your complaints before filing suit?

12. To what extent has counsel for Plaintiff conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether or not Defendant or the property at issue has ever been sued prior to the filing of this suit, for alleged violations of the ADA?

13. If there has been a prior filing, counsel shall state whether or not Defendant (and/or property owned by Defendant and the subject-matter of this suit) has complied with any settlement in the prior litigation, and if not, what remains to be done under the prior litigation.